**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE  DIVISION**

| | | |
|---|---|---|
| ALMA NELLIE GARCIA | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.:_____ |
| | § | |
| | § | **(JURY DEMANDED)** |
| STATE FARM LLOYDS | § | |

---

## INDEX OF MATTERS BEING FILED

---

1.      Copy of state court Docket Sheet;

2.      Copy of Plaintiff's Original Petition;

3.      Copy of Citation;

4.      Copy of Defendant's Original Answer; and

5.      Copy of Defendant's Jury Demand.

6.      Copy of Defendant's Notice of Removal (State Court).

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
Phone: (956) 428-7495
Fax: (956) 428-2954

By:  /s/  *Craig H. Vittitoe*
        CRAIG H. VITTITOE
        State Bar No. 20593900
        Federal I.D. No. 18756
        *chvittitoe@adamsgraham.com*
        SCOTT T. CLARK
        State Bar No. 00795896
        Federal I.D. No. 21676
        *sclark@adamsgraham.com*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to the following counsel of record on this the  26th  day of January, 2017:

Juan E. Gonzalez                    *Via E-Service:  juanegonzalez@jeglaw.net*
**LAW OFFICE OF JUAN E. GONZALEZ, PLLC**
3110 E. Business Highway 83
Weslaco, Texas 78596

By:   /s/ *Craig H. Vittitoe*
      Craig H. Vittitoe

# TAB 1

# STATE COURT DOCKET SHEET

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back          Location : All Cameron County Courts

# REGISTER OF ACTIONS
### CASE NO. 2017-DCL-00208

| | | | |
|---|---|---|---|
| Alma Nellie Garcia vs. State Farm Lloyds | § | Case Type: | **Civil-Other Civil** |
| | § | Date Filed: | **01/09/2017** |
| | § | Location: | **103rd District Court** |
| | § | | |
| | § | | |

---

**PARTY INFORMATION**

| | | Attorneys |
|---|---|---|
| **Defendant** | **State Farm Lloyds**<br>Austin, TX 78701-3218 | |
| **Plaintiff** | **Garcia, Alma Nellie** | **SAN JUAN E. GONZALES**<br>*Retained*<br>(956)447-5585(W) |

---

**EVENTS & ORDERS OF THE COURT**

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 01/09/2017 | **Original Petition (OCA)**<br>*Plaintiff's Original Petition* |
| 01/09/2017 | **Efiled Original Petition Document**<br>*Plaintiff's Original Petition* |
| 01/11/2017 | **Citation by Certified Mail Issued**<br>*9214 8901 0661 5400 0100 9153 47* |
| 01/11/2017 | **Citation by Certified Mail**<br>State Farm Lloyds                    Unserved |
| 01/11/2017 | **Clerks Journal**<br>*Citation Mailed CM as Requested.AM* |

---

**FINANCIAL INFORMATION**

| | | | |
|---|---|---|---|
| | **Plaintiff** Garcia, Alma Nellie | | |
| | Total Financial Assessment | | 384.00 |
| | Total Payments and Credits | | 384.00 |
| | **Balance Due as of 01/26/2017** | | **0.00** |
| 01/10/2017 | Transaction Assessment | | 384.00 |
| 01/10/2017 | E-File Electronic Payment | Receipt # 2017-01250 | Garcia, Alma Nellie | (384.00) |

# TAB 2

# PLAINTIFF'S ORIGINAL PETITION

FILED
2017-DCL-00208
1/9/2017 2:55:23 PM
Eric Garza
Cameron County District Clerk
By Linda Munoz Deputy Clerk
14636611

2017-DCL-00208

**CAUSE NO.** _____

| | | |
|---|---|---|
| **ALMA NELLIE GARCIA** | ! | **IN THE DISTRICT COURT** |
| **Plaintiff** | ! | |
| | ! | Cameron County - 103rd District Co |
| **vs.** | ! | **_____ JUDICIAL DISTRICT** |
| | ! | |
| **STATE FARM LLOYDS** | ! | |
| **Defendant** | ! | **CAMERON COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ALMA NELLIE GARCIA, Plaintiff herein, complaining of and about

STATE FARM LLOYDS, hereinafter referred to as Defendant, and for cause of action would show

unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

Plaintiff's discovery is intended to be conducted under Level 3 of the Texas Rules of Civil

Procedure 190.3.

### II.
### RULE 47C DECLARATION

Plaintiff is seeking monetary relief over $100,000.00 but not less than $200,000.00.

### III.
### PARTIES AND SERVICE

Plaintiff ALMA NELLIE GARCIA, is an individual residing in San Benito , Cameron County,

Texas.

Defendant STATE FARM LLOYDS, is an insurance company licensed to do business in

Texas which is hereby sued and in its common name, pursuant to Rule 28 of the Texas Rules of

Civil Procedure.  Defendant may be served by Certified Mail, Return Receipt Requested through its registered agent as follows: Corporation Service Co., 211 E. 7th St., Ste 620, Austin, Texas 78701-3218.

## IV.
## JURISDICTION AND VENUE

The insurance claim that is the subject of this suit concerns property located in Cameron County, Texas.   A substantial part of the cause of action accrued in Cameron County, Texas. Further, the contract of business was purchased in Cameron County, Texas.   Therefore, venue is proper in Cameron County, Texas.   Jurisdiction is proper before this Court.

## V.
## PRELIMINARY STATEMENT

Plaintiff brings this action against Defendant for breach of contract, breach of the duty of good faith and fair dealing, breach of Section 541.051 and 541.052 of the Texas Insurance Code, and breach of the Texas Deceptive Trade Practices-Consumer Protection Act, in connection with an insurance policy sold by Defendant and Defendant's refusal to adhere to the terms of the policy.

## VI.
## FACTS

Defendant insurance company issued an insurance policy naming the Plaintiff as the insured and insuring the Plaintiff's premises and contents therein located at 367 S. McCullough St., San Benito, Cameron County, Texas, against all risks of physical loss to the property among other things.  Pursuant to the terms of the homeowner's policy, Plaintiff had insurance protection on his dwelling.  Plaintiff also had coverage for her personal property.

During the relevant insurance coverage period, the building insurance by Defendant pursuant to the insurance contract sustained significant damage on April 20, 2012 from

hailstorms, which besides hail, had strong winds and several inches of rain.   The Plaintiff gave written notice to Defendant advising them of the damage within a reasonable time period.   The damage to the home has in effect, rendered the home irreparable and untenantable.

Plaintiff made timely claims for the damages to her home referenced in the above paragraphs.   Her claim was justified by the following facts:

1)   The claims made by Plaintiff for water damage are covered perils under the    policy of insurance; and

2)   The policy was at all times material to this action in full force and effect.

Despite the fact that all conditions precedent to Plaintiff's recovery have been performed or have occurred, Defendant has wholly failed and refused to pay Plaintiff in accordance with its contractual obligation.   Defendant has further failed to either complete a full-scale investigation of the claims, or determine the scope of the damage to the insured.

## VII.
## CAUSES OF ACTION AGAINST DEFENDANT STATE FARM LLOYDS

Plaintiff's causes of action against Defendant includes breach of contract, breach of the duty of good faith and fair dealing, breach of Section 541.051 and 541.052 of the Texas Insurance Code, and breach of the Texas Deceptive Practices-Consumer Protection Act.   Plaintiff notified Defendant of the damages sustained in her home.   Although all conditions precedent to Defendant's obligation to pay Plaintiff's loss under the policy of insurance were performed or did occur, Defendant has failed and refused to pay Plaintiff's claims in accordance with the policy of insurance.   Defendant's delay in paying the claims in their entirety is unreasonable, unlawful, and actionable, and the producing and proximate cause of the harm suffered by the Plaintiff, as more fully set forth below.

## VIII.

## FIRST CAUSE OF ACTION UNFAIR CLAIM SETTLEMENT PRACTICE: SECTION 541.051 and 541.052

Plaintiff has a direct cause of action against Defendant under the Texas Insurance Code. At the time of the events leading up to the instant lawsuit, Defendant was and is still engaged in the business of insurance, as that term is defined by law and as it is contemplated by this statute. After having received notice of the Plaintiff's loss, loss covered by the contract of insurance, Defendant engaged in several unfair settlement practices, as enumerated and declared unfair or deceptive in Section 541.051 and 541.052 of the Texas Insurance Code, including but not limited to:

1. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Plaintiff's claim once Defendant's liability became reasonably clear.

Additionally, Defendant violated the Texas Insurance Code by engaging in deceptive conduct as set out in the Texas Deceptive Trade Practices-Consumer Protection Act.

Specifically, Defendant violated the following sections: 17.46(b)(5) of the Texas Deceptive Trade Practices-Consumer Protection Act by representing that the homeowner's policy had benefits that it did not have; 17.46(b)(7) by representing that the homeowner's policy was of a particular standard or grade when it was actually of another; 17.46(b)(12) by representing that the policy of insurance conferred rights and remedies which it did not involve; and 17.46(b)(23) by failing to disclose information concerning the policy and services that would be provided under the policy, when such information was intended to induce Plaintiff into a transaction into which they would not have entered had the information been disclosed.

As a proximate result of Defendant tortuous conduct, Plaintiff has been damaged in an amount within the Court's jurisdiction. Plaintiff has further incurred costs in having to employ the undersigned attorney to prosecute this action, for which they should also be compensated.

Plaintiff's Original Petition                                                                 4

Finally, the above-described acts, and conduct were knowingly committed by Defendant triggering the mandatory trebling provisions of this statute.

**IX.**
## SECOND CAUSE OF ACTION AGAINST DEFENDANT BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

By virtue of the insurer/insured relationship that was created by the contract of insurance into which Plaintiff and Defendant entered, Plaintiff is entitled to make a direct claim against Defendant pursuant to the terms and policy.   The special relationship between the parties to the contract imposed duties upon Defendant to act in good faith and to deal fairly with Plaintiff.   These duties were prescribed in the contract when it was consummated.   However, from and after the time Plaintiff's claims were presented to Defendant, it failed and refused, without good cause, to properly investigate Plaintiff's claims and pay the damages as the policy required.

Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear.   In this regard, the Plaintiff will show that Defendant failed to conduct a reasonable, proper investigation of the claim and refused to rely on true facts, resorting instead to producing faulty, incomplete, and biased estimates to avoid paying claims.

Consequently, Defendant breached its duty to deal fairly and in good faith with Plaintiff.   As a proximate result of Defendant's tortuous conduct, Plaintiff has been damaged in an amount within the Court's jurisdiction.

Defendant's breach was aggravated by the kind of malice and/or fraud for which the imposition of exemplary damages is justified.   Defendant's conduct comprising the breach involved an extreme degree of risk of potential harm to the Plaintiff and to his occupants of the home and despite the fact that Defendant was actually and subjectively aware of the risk involved, it proceeded with conscious indifference to the rights, safety, and welfare of the Plaintiff. Defendant's conduct comprising the breach of duty also including the making of a material representation that was false and either known by Defendant to be false or made as a positive

assertion with reckless disregard for truth.   Defendant intended that the representation would be relied upon by the Plaintiff and in fact, Plaintiff did rely on the representation and suffered harm as a result.   Plaintiff, therefore, seeks exemplary damages in an amount to be asserted by the trier of fact.

## X.
### THIRD CAUSE OF ACTION AGAINST DEFENDANT
### FAILURE TO COMPLY WITH PROMPT PAYMENT
### STATUTE: SECTION 541.001, ET SEQ.

Plaintiff timely notified Defendant of water damage to her home.   Then within a reasonable time period, gave written notice to Defendant of several specific claims as a result of the water damage.   Defendant failed to timely investigate and pay the claims made by Plaintiff within the time periods prescribed by Section 542.001, et seq. of the Texas Insurance Code.

As a proximate result of Defendant's tortuous conduct, Plaintiff has been damaged in an amount within the Court's jurisdiction.  Plaintiff is entitled to recover the amount of the claims and the additional sum of 18 percent annum of the amount of the claims until the day before the judgment for Plaintiff is signed, plus reasonable attorney's fees.

## XI.
### FOURTH CAUSE OF ACTION AGAINST DEFENDANT STATE FARM LLOYDS – BREACH
### OF CONTRACT

The homeowner's insurance policy issued by Defendant to Plaintiff, constitute a written contract, the terms of which were to be fulfilled by both parties.    Under the terms of this agreement, Defendant agreed to provide Plaintiff with benefits for any claim covered by the policy. The contract of insurance was in full force and effect during all relevant times.   During the policy period, specifically on April 20, 2012, Plaintiff's home sustained serious water and storm damage upon which Plaintiff's claim are based and Plaintiff gave Defendant notice of her claim.   In return for Defendant's agreement to provide coverage, Plaintiff agreed to timely pay their insurance premiums and to notify Defendant of any claims being asserted against it.  Plaintiff fully performed

the duties impose by the contract. Additionally, the circumstances surrounding the water damage of the insured's residence conform to the requirements of a compensable claim as contemplated by the insurance contract.   Defendant in violation of its obligation and promises under the homeowner's policy, wrongfully refused to provide Plaintiff with coverage of their claims.   As a proximate result of Defendant's, breach of its obligation under the policy, Plaintiff has suffered actual damages.

Additionally, Plaintiff has had to secure the services of the undersigned attorney to prosecute this action, for which they also seeks compensation.

### XII.
### FIFTH CAUSE OF ACTION AGAINST DEFENDANT STATE FARM LLOYDS'S VIOLATION OF THE TEXAS DECEPTIVE TRADE  PRACTICES-CONSUMER PROTECTION ACT

Plaintiff purchased homeowner's insurance from Defendant and is therefore, qualified as a consumer, as that term is defined by the Texas Deceptive Trade Practices-Consumer Protection Act.   Defendant violated various provisions of Section 17.46(b) of the Texas Deceptive Trade Practices-Consumer Protection Act, by:

1.  representing that the homeowner's policy had benefit that it did not have, in violation of section 17.46(b)(5);

2.  representing that the homeowner's policy was of a particular standard or grade when it was actually of another, in violation of section 17.46(b)(7);

3.  representing that the policy  of insurance conferred rights and remedies which it did not involve, in violation of section 17.46(b)(12); and

4.  failing to disclose information concerning the policy and the services that would be provided under the policy, when such information was known at the time of the transaction and failure to disclose such information was intended to induce Plaintiff into a transaction into which they would not have entered had the information been disclosed, in violation of section 17.46(b)(23).

Defendant's conduct, as described herein, was producing cause of damages to Plaintiff. In addition, because such conduct involved knowing violations of the Texas Deceptive Trade

Practices-Consumer Protection Act, Plaintiff is entitled to recover additional statutory treble damages.

Plaintiff is also entitled to recover of the attorney's fees they have incurred by having to employ the undersigned attorney to prosecute this action.

### XIII.
### AGENCY – DOCTRINE OF RESPONDEAT SUPERIOR

Pleading further in the alternative, Plaintiff alleges that the acts of the insurance adjusters, adjusting companies, engineers, plumbers, and other contractors, employees, borrowed employees, agents, servants and other persons asked to perform any task on behalf of Defendant, including adjusters, agents, salespersons, engineers, plumbers, air conditioning contractors, contractors, remediation contractors and all other person so employed, are the acts of authorized or apparently authorized agents of the insurance company for which the equitable principle of **respondeat superior** applies.

Plaintiff further alleges that the insurance carrier has consistently stated, inferred or implied that its agents were employees with actual authority to investigate, adjust and pay the claims.   Thus, all such persons are vested with apparent authority which is binding on the Defendant's insurance company and for which the principle of **respondeat superior** applies.

### XIV.
### GROSS NEGLIGENCE

Plaintiff asserts all of the foregoing paragraph and incorporate same by reference. Plaintiff made Defendant aware of the fact that there was visible water damage in the residence and that the home will become irreparable.   Plaintiff will show that Defendant, at all material times hereto, acted with needless and/or reckless disregard of the right of others, including those of Plaintiff, and as such, was grossly negligent.   Defendant is and has been indifferent to the risk posed to Plaintiff and her family.   Defendant's actions in delaying the claims, failing to adequately identify the scope of loss, and asbestos contaminated building materials, failing to adequately

address all sources of water damage, and loss, clearly shows that the Defendant is callously indifferent to the welfare of its insured, the Plaintiff, and constitutes gross negligence.   Such gross negligence constitutes a proximate producing cause of Plaintiff' damages and exemplary damages should be assessed against the Defendant's insurance company.

## XV.
## DAMAGES

Defendant's conduct was a producing cause of the economic damages incurred by Plaintiff.   Furthermore, Defendant's conduct was a producing cause of mental anguish suffered by Plaintiff, for which Plaintiff are entitled to recover damages.   The Defendant's act and/or omissions as outlined above have proximately caused damages and injuries to Plaintiff, including but not limited to the following:

1) the cost of an adequate investigation;

2) the cost of determining the extent of damage;

3) the cost of repair or replacement of any portion of the covered property and consequential damage;

4) the unpaid cost of cleaning, repairing or replacing asbestos contaminated building materials or damaged personal property;

5) the amount of alternative living expenses while the residence will be under repair;

6) the diminution in value of the residence;

7) the physical pain and mental anguish Plaintiff suffered in the past as a result of the breach of contract by Defendants and the physical pain and mental anguish they will in reasonable probability suffer in the future;

8) the amount of reasonable medical expenses necessarily incurred in the past and which in all reasonable probability will be incurred in the future as a result of the asbestos contamination of the residence; and

9) reasonable and necessary attorney's fees in prosecuting this action.

## XVI.
## JURY DEMAND

Plaintiff requested this Court empanel a jury to sit in the trial of this matter.   The requisite jury fee will be paid as required by law.

### PRAYER

For the above reasons, Plaintiff requested that the Defendant be cited to answer and appear in this cause and after a trial on the merits before a jury, Plaintiff be awarded damages against Defendant, as follows:

1)  The benefits payable under the insurance policy for each claim made the basis of this suit, together with all allowable interest under the law;

2)  The diminution in fair market value of the property; if warranted by law;

3)  Statutory penalty for utilizing unfair settlement practices in violation of Section 541.051 and 541.052 of the Texas Insurance Code;

4)  Statutory penalty for Defendant's failure to comply with the prompt payment provisions of Section 542.001 et seq. of the Texas Insurance Code;

5)  Mental anguish damages;

6)  The physical pain and mental anguish Plaintiff suffered in the past as a result of the breach of contract by Defendant and the physical pain and mental anguish they will in reasonable probability suffer in the future;

7)  The amount of reasonable medical expenses necessarily incurred by Plaintiff in the past and which in all reasonable probability will be incurred in the future as a result of the asbestos contamination of the residence;

8)  Costs of repairs in the abatement of asbestos;

9)  Loss of use during repair;

10) Out-of-pocket expenses;

11) Any other actual damages incurred;

12) Treble damages as afforded to Plaintiff pursuant to the Texas Deceptive Trade Practice Consumer Protection Act;

13) Pre-judgment and post-judgment interest at the highest legal rate as provided by law, until paid;

14) Reasonable attorney's fees pursuant to Chapter 38 of the Texas Civil Practice & Remedies Code and/or the Texas Deceptive Trade Practices-Consumer Protection Act;

15) Costs of suit; and

16) Such other and further relief both in law and in equity to which Plaintiff may be justly entitled.

Respectfully submitted,

Law Office of Juan E. Gonzalez, PLLC
3110 E. Bus Hwy 83
San Benito , Texas  78596
Tel. (956)447-5585
Fax. (956)447-8637
juanegonzalez@jeglaw.net


/s/JUAN E. GONZALEZ
JUAN E. GONZALEZ
STATE BAR NO.  08121800

# TAB 3

# CITATION

---

**CITATION BY CERTIFIED/REGULAR MAIL**

---

# THE STATE OF TEXAS

# 2017-DCL-00208-D

TO    **State Farm Lloyds**
       **Registered Agent - Corporation Services Co**
       **211 E 7th St Ste 620**
       **Austin TX  78701-3218:**

| | | |
|---|---|---|
| **Alma Nellie Garcia** | § | IN THE 103RD DISTRICT COURT |
| VS | § | OF |
| **State Farm Lloyds** | § | CAMERON COUNTY, TEXAS |

**NOTICE TO DEFENDANT:  "You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you."**   *TRCP. 99*

You are hereby commanded to appear by filing a written answer to **Plaintiff's Original Petition** at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable 103rd District Court of Cameron County, at the Courthouse in said County in Brownsville, Texas. Said **Plaintiff's Original Petition** was filed in said court on **January 09, 2017**, in the above entitled cause.

The File Number of Suit Being:   **2017-DCL-00208-D**
The Style of the Case is:       **Alma Nellie Garcia  vs.  State Farm Lloyds**

The nature of Petitioner's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Brownsville, Texas, on this the 11th day of January, 2017.

ATTORNEY:
**SAN JUAN E. GONZALES**
**Law Office Of Juan E Gonzalez**
**3110 E Business Highway 83**
**Weslaco TX  78596-8318**
**PHONE:  (956)447-5585**

                             Eric Garza
                             District Clerk
                             Cameron County, Texas

                             By
                         **Adriana Muñoz**, Deputy Clerk

| 2017-DCL-00208-D | 103rd District Court |
|---|---|
| Alma Nellie Garcia  vs.  State Farm Lloyds | |

## RETURN OF SERVICE

### CERTIFICATE OF DELIVERY BY FIRST CLASS MAIL / CERTIFIED MAIL

Came to hand **on this the 11th day of January, 2017** I hereby certify that on **January 11, 2017**, I mailed to **State Farm Lloyds  Registered Agent - Corporation Services Co  211 E 7th St Ste 620  Austin TX 78701-3218** by **FIRST CLASS MAIL / CERTIFIED MAIL (WITH DELIVERY RESTRICTED TO ADDRESSEE ONLY, RETURN RECEIPT REQUESTED)**, a true copy of this CITATION with a copy of the **Plaintiff's Original Petition** attached hereto.

Eric Garza
District Clerk
Cameron County, Texas

BY: _____
**Adriana Munoz**, Deputy Clerk

ERIC GARZA
CAMERON COUNTY DISTRICT CLERK
JUDICIAL BUILDING
974 E HARRISON ST
BROWNSVILLE, TX 78520-7123

**CERTIFIED MAIL**

9214 8901 0661 5400 0100 9153 47

**RETURN RECEIPT (ELECTRONIC)**

**2017-DCL-208-D**

CORPORATION SERVICE CO.
211 E 7TH ST STE 620
**AUSTIN, TX 78701-3218**

# TAB 4

# DEFENDANT'S ORIGINAL ANSWER

**CAUSE NO. 2017-DCL-00208**

| | | |
|---|---|---|
| ALMA NELLIE GARCIA | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 103rd JUDICIAL DISTRICT |
| | § | |
| STATE FARM LLOYDS | § | CAMERON COUNTY, TEXAS |

---

**ORIGINAL ANSWER OF DEFENDANT STATE FARM LLOYDS**

---

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW, STATE FARM LLOYDS ("State Farm"), Defendant in the above-styled and numbered cause and files its Original Answer to Plaintiff's Original Petition, and would show this Honorable Court as follows:

**I.**
**Special Exceptions**

A.    State Farm specially excepts to that portion of Section VIII of Plaintiff's Original Petition that vaguely complains of alleged breaches of Sections 541 & 542 of the Texas Insurance Code, but fails to plead the specific facts and circumstances in particular support of any such violations, and, of this Special Exception, State Farm moves the Court to order a hearing and to, thereafter, direct the Plaintiff to re-plead in satisfaction of this Special Exception, and for such other and further relief that Defendant may be entitled.

B.    State Farm specially excepts to those portions of Sections VIII and XII of Plaintiff's Original Petition that vaguely complain of alleged violations of the Deceptive Trade Practices Act, but fail to plead the specific facts and circumstances in particular support of any such violations, and, of this Special Exception, State Farm moves the Court to order a hearing and to, thereafter, direct the Plaintiff to re-plead in satisfaction of this Special Exception, and for such other and further relief that Defendant may be entitled.

C.    State Farm specially excepts to that portion of Section IX of Plaintiff's Original Petition that vaguely complains of breach of duty of good faith and fair dealing, but fails to plead the specific facts and circumstances in particular support of any such violation, and, of this Special Exception, State Farm moves the Court to order a hearing and to, thereafter, direct the Plaintiff to re-plead in satisfaction of this Special Exception, and for such other and further relief that Defendant may be entitled.

D.    State Farm specially excepts to that portion of Section X of Plaintiff's Original Petition that vaguely complains of alleged breach of Section 542 of the Texas Insurance Code [yet, the caption to this particular section recites the "failure to comply with Prompt Payment Statute: Section 541.001" (???)], but fails to plead the specific facts and circumstances in particular support of any such violation,

and, of this Special Exception, State Farm moves the Court to order a hearing and to, thereafter, direct the Plaintiff to re-plead in satisfaction of this Special Exception, and for such other and further relief that Defendant may be entitled.

E.      State Farm specially excepts to that portion of Section XI of Plaintiff's Original Petition that vaguely complains of an alleged breach of contract, but fails to plead the specific facts and circumstances in particular support of any such breach, and, of this Special Exception, State Farm moves the Court to order a hearing and to, thereafter, direct the Plaintiff to re-plead in satisfaction of this Special Exception, and for such other and further relief that Defendant may be entitled.

F.      State Farm specially excepts to that portion of Section XIV of Plaintiff's Original Petition that vaguely complains of alleged gross negligence, but fails to plead the specific facts and circumstances in particular support of such allegation, and, of this Special Exception, State Farm moves the Court to order a hearing and to, thereafter, direct the Plaintiff to re-plead in satisfaction of this Special Exception, and for such other and further relief that Defendant may be entitled.

## II.
## Denial of Conditions Precedent

State Farm denies that Plaintiff has satisfied conditions precedent to bring this suit and prays for judgment.

## III.
## General Denial

State Farm denies each and every material allegation contained in the Plaintiff's Original Petition and says that the same are not true, in whole or in part.

## IV.
## Bona Fide Dispute

Defendant pleads the affirmative defense of a bona fide dispute arising from the extra-contractual tort allegations made a part of this suit.

## V.
## Limitations of Coverage, Pleas & Affirmative Defenses

A.      State Farm acknowledges the issuance of a Texas Homeowner's Policy to Named Insured, Alma Nellie Garcia.  The policy contains the following terms, conditions, requirements, and exclusions applicable to Plaintiff's claims as follows:

"We insure for accidental direct physical loss to the property described in Coverage A, except as provided in **SECTION I - LOSSES NOT INSURED**

**SECTION I - LOSSES NOT INSURED**

1.    We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
    ...
    g.    wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown
    ...
    i.    wet or dry rot;
    ...
    l.    settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations, walls, floors, roofs or ceilings;

However, we do insure for any resulting loss from items a. through n. unless the resulting loss is itself a Loss Not Insured by this Section.

2.    We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other causes of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external fores, or occurs as a result of any combination of these:
    ...
    d.    **Neglect**, meaning neglect of the **insured** to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered.

3.    We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in paragraphs 1. and 2.immediately above regardless of whether one or more of the following: (a)directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:
    ...
    b.    defect, weakness, inadequacy, fault or unsoundness in:

        (1) planning, zoning, development, surveying, siting;

        (2) design, specifications, workmanship, construction, grading, compaction;

        (3) materials used in construction or repair; or

(4) maintenance;

of any property (including land, structures, or improvements of any kind) whether on or off the **residence premises**; or

c.        weather conditions.

However, we do insure for any resulting loss from items a., b. and c. unless the resulting loss is itself a Loss Not Insured by this Section.

## SECTION I - CONDITIONS

1. **Suit Against Us.**  No suit or action can be brought unless the policy provisions have been complied with.  Suit or action brought against us must be started within two years and one day after the cause of action accrues.

2. **Your Duties After Loss.**  After a loss to which this insurance may apply, you shall see that the following duties are pe

    a.        give immediate notice to us or our agent....

    b.        protect the property from further damage or loss, make reasonable and necessary repairs required to protect the property, and keep an accurate record of repair expenditures;

    c.        prepare an inventory of damaged personal property showing in detail, the quantity, description actual case value and amount of loss.  Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory;

    d.        as often as we reasonably require:

        (1)        exhibit the damaged property;

        (2)        provide us with records and documents we request and permit us to make copies;

        (3)        submit to and subscribe, while not in the presence of any other insured:

            (a)        statements; and
            (b)        examinations under oath; and
            ...

## COVERAGE A LOSS SETTLEMENT ENDORSEMENT (FE-5403) SECTION I - LOSS SETTLEMENT

## COVERAGE A - DWELLING (Applicable to HOMEOWNERS POLICY)

A1 - Replacement Cost Loss Settlement - Similar Construction is replaced with the following:

    a.    We will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the Declarations, the damaged part of the property covered under SECTION I - COVERAGES, COVERAGE A - DWELLING, except for wood fences, subject to the following:

        (1)    until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the Declarations, not to exceed the cost to repair or replace the damaged part of the property;

        (2)    when the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the Declarations, whichever is less;

        (3)    to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and notify us within 30 days after the work has been completed; and

        (4)    we will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair or demolition of a building or other structure, except as provided under Option OL - Building Ordinance or Law Coverage.

    b.    Wood Fences: We will pay the actual case value at the time of loss for loss or damage to wood fences, not to exceed the limit of liability shown in the Declarations for COVERAGE A - DWELLING EXTENSION.

## COVERAGE B - PERSONAL PROPERTY

B1 - Limited Replacement Cost Loss Settlement.

    a.    We will pay the cost to repair or replace property covered under SECTION I - COVERAGES, COVERAGE B - PERSONAL PROPERTY, except for property listed in item b. below, subject to the following:

        (1)    until repair or replacement is completed, we will pay only the cost to repair or replace less depreciation;

(2) after repair or replacement is completed, we will pay the difference between the cost to repair or replace less depreciation and the cost you have actually and necessarily spent to repair or replace the property; and

(3) if property is not repaired or replaced within two years after the date of loss, we will pay only the cost to repair or replace less depreciation.

b. We will pay market value at the time of loss for:

(1) antiques, fine arts, paintings, statuary and similar articles which by their inherent nature cannot be replaced with new articles;

(2) articles whose age or history contribute substantially to their value including, but not limited to memorabilia, souvenirs and collectors items; and

(3) property not useful for its intended purpose.

However, we will not pay an amount exceeding the smallest of the following for items a. and b. above:

(1) our cost to replace at the time of loss;

(2) the full cost of repair;

(3) any special limit of liability described in the policy; or

(4) any applicable Coverage B limit of liability."

B. State Farm denies the occurrence of the conditions precedent: immediate notice, protection of property from further damage, and reasonable and necessary repairs to protect the property.

C. State Farm denies any breach of duty to the Plaintiff, including any breach of a duty of good faith and fair dealing.

D. State Farm denies violation of any provision of the *Texas Insurance Code* in the handling of the Plaintiff's claims for insurance proceeds.

E. State Farm denies violation of any provision of the *Texas Deceptive Trade Practices and Consumer Protection Act (DTPA)* in the handling of the Plaintiff's claims for insurance proceeds.

F.      State Farm denies that it violated any fiduciary duty or responsibility it may have owed to the Plaintiff with regard to the issuance, investigation, handling and determination of the Plaintiff's claims for insurance proceeds.

G.      State Farm denies that the Plaintiff is entitled to recover attorney's fees as there has been no breach of the insurance contract issued by State Farm by virtue of the handling of the claim for homeowner's insurance benefits.  In addition, State Farm has not violated any statutory obligation that would give rise to a claim for recovery of attorney's fees.

H.      State Farm affirmatively pleads that the Plaintiff failed to mitigate her damages.

**VI.**
**<u>Defenses as to Punitive Damages</u>**

State Farm affirmatively pleads the unconstitutionality of punitive, exemplary or enhanced damages and/or any judgment for the same are unenforceable due to the following:

A.      On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages are criminal or quasi-criminal in nature and Plaintiff should, therefore, be required to prove the basis of such damages beyond a reasonable doubt; the failure to require Plaintiff to do so amounts to a denial of due process and due course of law and of equal protection under the Constitutions of the United States of America and the State of Texas.

B.      On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages would constitute a taking of property without due process of law in contravention of the due process and due course of law provisions of the Constitutions of the United States of America and the State of Texas.

C.      On their face and as applied to the facts of this case, under Texas law, the measure of damages is so vague and ambiguous that the basis of such damages can not clearly and readily be identified in advance so as to guide the behavior of individuals and entities in their actions, thus constituting an *ex post facto* law, which is prohibited by the Constitutions of the United States of America and the State of Texas.

D.      On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages would violate the Excessive Fines Clause of the Eighth Amendment of the Constitution of the United States of America, as applied through the Fourteenth Amendment of the same Constitution.

E.      On their face and as applied to the facts of this case, punitive, exemplary, and enhanced damages would result in the imposition of grossly excessive or arbitrary punishment on Defendant in violation of the Fourteenth Amendment Due Process Clause of the Constitution of the United States of America.  *State Farm Mutual Auto. Ins. Co. v. Campbell*, 123 Sup. Ct. 1513 (2003).

F.      Additionally, or in the alternative, State Farm pleads the statutory definitions, standards, restrictions, and monetary "caps" applicable to any possible exemplary damages claim and recovery, including the limitation on the total amount of any such recovery per Section 41 of the Texas Civil Practice and Remedies Code.

**WHEREFORE, PREMISES CONSIDERED**, Defendant State Farm Lloyds prays that, upon final hearing, Plaintiff not recover as prayed for in her Original Petition and for all other relief, at law or in equity, which the Defendant State Farm Lloyds may show just entitlement to receive.

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
134 E. Van Buren, Suite 301 (78550)
P.O. Drawer 1429
Harlingen, Texas 78551-1429
Phone: (956) 428-7495 Ext. 140
Fax: (956) 428-2954

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to the following counsel of record on this the  26th  day of January, 2017:

Juan E. Gonzalez                                         *Via E-Service:  juanegonzalez@jeglaw.net*
**LAW OFFICE OF JUAN E. GONZALEZ, PLLC**
3110 E. Business Highway 83
Weslaco, Texas 78596

Attorney for Plaintiff ALMA NELLIE GARCIA

By:    /s/ Craig H. Vittitoe
          Craig H. Vittitoe
          State Bar No.  20593900
          *chvittitoe@adamsgraham.com*

Attorney for Defendant **STATE FARM LLOYDS**

# TAB 5

# DEFENDANT'S JURY DEMAND

## CAUSE NO. 2007-DCL-00208

| ALMA NELLIE GARCIA | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| VS. | § | 103rd JUDICIAL DISTRICT |
| | § | |
| STATE FARM LLOYDS | § | CAMERON COUNTY, TEXAS |

---

**JURY DEMAND OF DEFENDANT STATE FARM LLOYDS**

---

TO THE HONORABLE JUDGE OF THE COURT:

Pursuant to Rule 216 of the *Texas Rules of Civil Procedure*, Defendant **STATE FARM LLOYDS** has deposited the jury fee of Forty and No/100 Dollars ($40.00) with the District Court Clerk of Cameron County, Texas and does make this, its Jury Demand, in the above-styled and numbered cause.

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
134 E. Van Buren, Suite 301 (78550)
P.O. Drawer 1429
Harlingen, Texas 78551-1429
Phone: (956) 428-7495 Ext. 140
Fax: (956) 428-2954

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to the following counsel of record on this the  26th  day of January, 2017:

Juan E. Gonzalez                                    *Via E-Service:  juanegonzalez@jeglaw.net*
**LAW OFFICE OF JUAN E. GONZALEZ, PLLC**
3110 E. Business Highway 83
Weslaco, Texas 78596

Attorney for Plaintiff **ALMA NELLIE GARCIA**

By:    /s/ Craig H. Vittitoe
Craig H. Vittitoe
State Bar No.  20593900
*chvittitoe@adamsgraham.com*

Attorney for Defendant **STATE FARM LLOYDS**

# TAB 6

# DEFENDANT'S NOTICE OF REMOVAL (STATE COURT)

## CAUSE NO. 2017-DCL-00208

| ALMA NELLIE GARCIA | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| VS. | § | 103rd JUDICIAL DISTRICT |
| | § | |
| STATE FARM LLOYDS | § | CAMERON COUNTY, TEXAS |

---

### DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

COMES NOW Defendant **STATE FARM LLOYDS** and files this, its Notice of Removal, and would show the Court as follows:

### I.

This case has been removed to the United States District Court for the Southern District of Texas, Brownsville Division. A copy of the removal notice filed with the United States District Court was served on Plaintiff **ALMA NELLIE GARCIA** by and through her attorney of record.

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, Texas 78551-1429
(956) 428-7495
(956) 428-2954 (Fax)

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to the following counsel of record on this the _26th_ day of January, 2017:

Juan E. Gonzalez                                    *Via E-Service: juanegonzalez@jeglaw.net*
**LAW OFFICE OF JUAN E. GONZALEZ, PLLC**
3110 E. Bus Hwy 83
Weslaco, Texas 78596

By:   /s/ Craig H. Vittitoe
Craig H. Vittitoe
State Bar No. 20593900
Federal I.D. No. 18756
*chvittitoe@adamsgraham.com*

Attorneys for Defendant **STATE FARM LLOYDS**